**In re Terry BURNER, Debtor.**

**No. 03–32541.**

United States Bankruptcy Court,
N.D. Ohio.

Oct. 4, 2004.

Kyle A. Silvers, Toledo, OH, for Debtor.

Anthony B. DiSalle, Toledo, OH, Standing Chapter 13 Trustee.

Margaret M. Weisenburger, Toledo, OH, for AP Federal Credit Union.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Debtor's motion to invalidate the lien of AP Federal Credit Union. After conducting a hearing on the matter, the Court took the matter under advisement, allowing the Parties the opportunity to submit briefs in support of their respective legal positions. The Court is now in receipt of the Parties' memoranda, and based upon a review of the arguments made therein, the Court finds that the Debtor's Motion should be Denied.

## BACKGROUND

■ Based upon a prepetition financing arrangement, AP Federal Credit Union (hereinafter referred to as the Creditor) holds a lien on a vehicle titled in the name of the Debtor, Terry L. Burner. Through the instant Motion, the Debtor seeks to invalidate this lien. As authority for this position, the Debtor cites to certain provisions contained in his Chapter 13 plan, and, based upon this Court's confirmation of his plan of reorganization, the preclusive effect of these provisions. In taking this position, the Debtor further called this Court's attention to the Creditor's failure to file a proof of claim or otherwise participate in his Chapter 13 plan of reorganization wherein, after being confirmed by this Court without objection, an order of discharge was entered in accordance with 11 U.S.C. § 1328.

In opposition, the Creditor put forth two points. First, from an interpretive standpoint, the Creditor contested whether those provisions cited to by the Debtor in his Chapter 13 plan would actually operate so as to cancel its lien interest. Second, from a legal point of view, the Creditor contests whether, standing alone, the terms of a Chapter 13 plan can invalidate an otherwise valid lien interest. In following the holding rendered by the Bankruptcy Appellate Panel for the Sixth Circuit in the case of *Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 307 B.R. 28 (6th Cir. BAP 2004), the Court finds that the Creditor's legal position is dispositive of the issue.

In *In re Ruehle*, the debtor, after first obtaining relief under Chapter 7 of the United States Bankruptcy Code, filed a petition for relief under Chapter 13. In

her Chapter 13 bankruptcy, the debtor sought to handle two debts not otherwise discharged in her Chapter 7 bankruptcy. Of the two debts, the matter on appeal was confined solely to the debtor's treatment of a student-loan obligation. In providing for the treatment of this debt, the debtor, in her proposed plan of reorganization, set forth that the plan's confirmation would constitute a finding by the court that excepting her student loan(s) from discharge would impose upon her and her dependents an "undue hardship" for purposes of § 523(a)(8). With this provision, the debtor's plan was confirmed without objection, thus ostensibly making any remaining balances due on the loan at the completion of the plan dischargeable. However, after completion of the plan, and a discharge being entered, the entity holding the student-loan obligation brought a motion to vacate the debtor's confirmed plan as to its debt. The bankruptcy court granted the creditor's motion, and the debtor appealed. *Id.* at 31.

In upholding the bankruptcy court's decision, the Bankruptcy Appellate Panel in *In re Ruehle* explained the impropriety of placing in a Chapter 13 plan a provision discharging a student-loan obligation:

> Pursuant to Bankruptcy Rules 4007 and 7001(6) an action to determine dischargeability of a debt must be brought as an adversary proceeding. In this case, the Debtor attempted to circumvent the requirements of Bankruptcy Rules 4007 and 7001(6) by discharging her student loan through ... her chapter 13 plan. She further circumvented the requirement that the debtor bear the burden of proving that repayment of the debt would constitute an undue hardship.

Section 1325(a)(1) provides that the bankruptcy court 'shall confirm a plan if ... the plan complies with the provisions of this chapter and with the other applicable provisions of this title.' The Seventh Circuit has stated that a bankruptcy court lacks the authority to confirm any plan unless it complies with the provisions of this chapter and with the other applicable provisions of this title. It is uncontested that the provisions of the Debtor's confirmed chapter 13 plan did not comply with the provisions of the Bankruptcy Code and Bankruptcy Rules in that the Debtor failed to file an adversary proceeding to seek to discharge her student loan. Further, the Debtor's plan did not comply with § 1322(b) setting forth the permitted contents of a chapter 13 plan. Paragraphs (1) through (9) of § 1322(b) include specific matters that may be included in the plan, none of which relate to discharging a student loan. Paragraph (10), the catch-all provision, specifies that the plan may 'include any other appropriate provision not inconsistent with this title. 11 U.S.C. § 1322(b). There is no authority in the Bankruptcy Code or Bankruptcy Rules for including a discharge by declaration provision in the Debtor's plan. The provision is an interloper in the plan; it can have no legal status.

*Id.* at 32–33 (internal citations and quotations omitted).

 Although this case does not involve a student-loan debt, the exact same principles apply. Pursuant to Bankruptcy Rule 7001,[1] a debtor wishing to avoid a creditor's lien must bring an adversary proceeding; a debtor bears the burden to establish the necessary grounds to invalidate a lien, *In re Lee*, 249 B.R. 864, 867

---

1. Here, it is paragraph (2) of Bankruptcy Rule 7001 which is applicable by providing that an adversary proceeding includes, "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)[.]"

(Bankr.N.D.Ohio 2000); and paragraphs (1) through (9) of § 1322(b) do not provide any independent basis for avoiding a lien. Therefore, just as it was improper for the debtor in *In re Ruehle* to seek a determination of dischargeability through her plan, it is also improper in this case for the Debtor, as opposed to initiating an adversary proceeding, to seek to avoid the Creditor's lien through a provision placed in his Chapter 13 plan of reorganization.

██ Notwithstanding, the Debtor argues that once his plan was confirmed, the Creditor's opportunity to contest any procedural defects in the plan was waived. In very simplistic terms, the Debtor espouses that this Court apply the "you snooze, you lose" rule. In taking this position, the Debtor cites to § 1327(a), which operates similarly to the doctrine of *res judicata,* by providing, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." However, when faced with this exact same argument in *In re Ruehle,* the Court rejected it, explaining:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

> For purposes of § 1327(a), due process requires that notice be given to the creditor that is reasonably calculated, under all of the circumstances, to apprise the

creditor that its rights as a creditor may be placed in jeopardy.

> The Debtor in the case before the Panel cannot argue that the 'notice' placed in her plan, where it was not supposed to be in the first place, was notice reasonably calculated to inform ECMC that it was about to lose valuable rights. The Supreme Court has held that 'a creditor's knowledge that a reorganization proceeding has been instituted does not make it the creditor's duty to inquire about possible court orders limiting the time for filing a claim.' Similarly, in this case, it was not ECMC's duty to inquire about possible actions instituted by the Debtor that might affect ECMC's student loan where the Debtor failed to properly institute those actions by the methods set forth in the Bankruptcy Code and Bankruptcy Rules. ECMC had a right to expect that it would receive a summons and complaint if its rights were in jeopardy.

*Id.* at 33–34 (internal citations and quotations omitted).

██ The necessity of initiating an adversary proceeding when required by the Bankruptcy Rules, as opposed to simply handling the matter through the Chapter 13 plan confirmation process, has also been applied in the exact context presented here—where a debtor seeks to avoid a creditor's lien. *Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir.1995) (confirmation of the plan did not establish that the creditor's lien was avoided); *Altegra Credit Co. v. Dennis (In re Dennis),* 286 B.R. 793, 795 (Bankr.W.D.Okla.2002) (lienholder's failure to object to Chapter 13 plan treating it as unsecured creditor did not result in avoidance of its lien; an adversary proceeding is required); *In re Zimmerman,* 276 B.R. 598, 602 (Bankr.C.D.Ill.2001) ("the res judicata effect of Section 1327(a) only applies to issues that are properly

raised as contested matters, and not those that must be raised in an adversary proceeding."); *In re McMillan,* 251 B.R. 484, 488–89 (Bankr.E.D.Mich.2000) (in a Chapter 13, a dispute concerning mortgage validity requires it to be resolved in the context of an adversary proceeding, not in plan confirmation process); *Richards v. Citicorp Mortgage, Inc. (In re Richards),* 151 B.R. 8, 17 (Bankr.D.Mass.1993) (for a Chapter 13 plan to effectuate bifurcation and lien avoidance, a debtor must commence an adversary proceeding). In the end then, whether in a dischargeability context, a lien avoidance context or another context in which notice requirements are set forth by rule and/or statute, the underlying principle applied is the same: when notice requirements are set forth by either statute or rule, the standard set forth therein is presumptively considered the standard for due process. *Ferguson v. Thomas,* 430 F.2d 852, 856 (5th Cir.1970).

■ The Debtor, nevertheless, put forth that by failing to participate in the bankruptcy process, such as by filing a proof of claim or making an objection to the plan, the Creditor has made it impossible to handle its claim through the bankruptcy process, thus putting him at a disadvantage. (Doc. No. 19, at pg. 2). However, while recognizing the Debtor's dilemma, this is simply the nature of a secured interest in bankruptcy. As the Debtor acknowledges, nothing in the Bankruptcy Code or Bankruptcy Rules requires that a secured creditor file a proof of claim: *See* § 506(d)(2), a lien may not be avoided solely because a creditor does not file a proof of claim; and Bankruptcy Rule 3002(a), providing that an unsecured creditor, but not a secured creditor, must file a proof of claim for their claim to be allowed. Also, it has been fundamental to bankruptcy jurisprudence that liens and other secured interests in property pass through bankruptcy. *Dewsnup v. Timm,* 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992) (holding § 506 does not "depart from the pre-Code rule that liens pass through bankruptcy unaffected."); *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"); *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*— while leaving intact another—namely, an action against the debtor *in rem*").

The Debtor's concern is also tempered by a couple of realities. First, when, as here, funds are available for distribution, a secured creditor who chooses to ignore the bankruptcy process must forego an immediate stream of payments on its claim, thereby depriving it of the time value of money. Obviously, in most situations, this is not a smart business decision; thus, making the situation against which the Debtor was faced the exception rather than the rule.

In a similar context, to the extent that a creditor's claim is not fully collateralized,—as may be determined by the bifurcation process set forth in § 506(a)—a creditor must file a proof of claim in order to be entitled to receive a distribution of estate assets on that portion of its claim which is determined not to be secured. The practical consequence of this is that a creditor who operates on the premises that its claim is fully secured, but who nevertheless chooses not to participate in the bankruptcy process, risks not receiving a full distribution on its claim if it is ultimately determined that a portion of its claim is not secured. Although not entirely clear, it appears that the Debtor has taken just such a position, having put forth

to the Court, "[w]hile the Plan listed the value of the lien at $13,600, a review of NADA suggest the value of the vehicle in question is closer to $7,000, an amount less than that already paid by Debtor to Creditor prior to filing the Plan."(Doc. No. 19, at pg. 2). Nevertheless, as no action has been brought in this case to determine the value of the Creditor's claim—such as a § 506 action to bifurcate—the issue as to the proper amount of the Creditor's claim is not ripe for decision.

Thus, for the reasons set forth above, the Court cannot find any valid basis for the Debtor to avoid the lien of the Creditor, AP Federal Credit Union. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Motion of the Debtor, Terry Burner, to Invalidate the Lien of AP Federal Credit Union, be, and is hereby, DENIED.