**Leonard Rolfe KUEBLER and Laura Lee Kuebler, Appellants,**

v.

**UNITED STATES of America, Internal Revenue Service and A.L. Tenney, Trustee, Appellees/Cross Appellants.**

**No. LR–C–93–522.**

United States District Court,
E.D. Arkansas,
Western Division.

July 28, 1994.

Keith L. Grayson, Davidson Law Firm, Ltd., Little Rock, AR, for appellants.

Richard M. Pence, Jr., U.S. Attorney's Office, Little Rock, AR, Tamera Fine–Trail, U.S. Dept. of Justice, Office of Sp. Litigation–Tax Div., Washington, DC, for appellees.

David D. Coop, A.L. Tenney's Office, Standing Chapter 12 and 13 Trustee, Little Rock, AR.

## ORDER

HENRY WOODS, District Judge.

*Background*

Leonard Rolfe and Laura Lee Kuebler filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code on January 20, 1989. They listed the Internal Revenue Service (IRS) as a creditor with a prepetition priority tax claim of $65,025.18 for tax years 1983 through 1988. This claim was designated as a disputed claim, although it is unclear whether the debtors disputed that the IRS had a claim or whether they disputed the amount of the claim.

The original plan provided for payments of $600 per month for 36 months, for a total of $21,600. The plan proposed paying $500 per month toward priority debts pro rata and $100 per month for administrative expenses, with any excess going toward unsecured debts pro rata.

The IRS filed no objection to the plan, but it did file a proof of claim on March 23, 1989 asserting a secured claim of $60,428.62. The debtors filed no objection to the IRS claim. On March 24, 1989, the debtors filed a modified plan proposing to pay the IRS $450 per month for 36 months. The claim was listed as an unsecured priority claim. The IRS did not object to the modified plan and the plan was confirmed on April 4, 1989.

Subsequently the Trustee presented the bankruptcy court with a motion to allow the IRS claim as an unsecured long-term priority claim instead of a secured claim, making the claim consistent with the confirmed plan. The IRS was not given notice of this motion. The bankruptcy court granted the Trustee's motion allowing the IRS claim as a long-term priority claim for $60,428.62 on August 2, 1989.

On August 4, 1989, the IRS amended its proof of claim adding a priority claim of $7,357, in addition to its $60,428.62 secured claim. The debtors filed no objection to the amended proof of claim and it was allowed as a continuing priority claim to be paid 100%.

The debtors made all payments in accordance with the modified plan. This included payments to the IRS of more than $20,250, even though the plan provided for payment to the IRS of only $16,200.

On April 1, 1992, the debtors brought an adversary proceeding to determine the dischargeability of the debt owed to the IRS. The Bankruptcy Court[1] held that the IRS had an allowed priority claim of $7,357.00,

---

1. The Honorable James G. Mixon, Chief Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

which had been paid in full, and an allowed secured claim of $60,428.62. The Bankruptcy Judge discharged the debtors from personal liability on the IRS's secured claim, but because the confirmed modified plan failed to address the IRS's secured claim, he held that the IRS retained its tax lien in the debtors' property, 156 B.R. 1012.

The debtors bring this appeal urging two grounds for reversal: first, that the Bankruptcy Court erred in holding that the IRS retained a secured claim in the amount of $60,428.62; and second, that the confirmed Chapter 13 Plan should bar the IRS's claim based on the doctrine of *res judicata.*

The IRS has filed a cross appeal contending that the Bankruptcy Court erred in holding that the debtors were discharged from personal liability. The IRS contends that the debtors are still personally liable for "at least $67,785.62" minus the amount paid under the Plan. (Appellee's Brief/Cross Appeal at p. 13).

This Court will review the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and its conclusions of law *de novo. In re Apex Oil Co.,* 884 F.2d 343, 348 (8th Cir.1989).

*Discussion*

In this unusual case, the debtors and the IRS each proceeded through the bankruptcy without ever making required objections to pleadings filed by the other. The IRS never filed an objection to the debtors' plan, or to their modified plan; the debtors never objected to the proofs of claim filed by the IRS. Now each party urges the courts to forgive its deficiencies, but not those of the opponent. The bankruptcy court succeeded in untangling the case in an equitable and reasonable manner, and this court affirms that decision.

■ Because the debtors' plan did not address the IRS's secured claim, the lien passes through the bankruptcy, remaining enforceable *in rem* even after the discharge. *Sun Finance Co., Inc. v. Howard,* 972 F.2d 639 (5th Cir.1992). The bankruptcy court correctly held that the IRS's secured debt (tax lien) survived the bankruptcy proceeding, but only as against the property. The

*personal* liability of the debtors was appropriately discharged pursuant to 11 U.S.C. § 1322(a)(2).

■ The debtors' argument concerning the value of the secured debt was raised too late for consideration by the bankruptcy court and will not be considered on appeal. As the bankruptcy court aptly noted: "[I]t certainly makes no sense to try to value a secured claim which is not acknowledged in a plan after all payments have been made." (Bankruptcy order at 11).

Accordingly, the order of the bankruptcy court is affirmed in its entirety, this 27th day of July, 1994.