**In re Jonas Fay HARNISH, Jean Ann Harnish, Debtors.**

**Bankruptcy No. 97–02185–C.**

United States Bankruptcy Court, N.D. Iowa.

June 2, 1998.

Carol F. Dunbar, Waterloo, IA, Chapter 13 Trustee.

Jeffrey P. Taylor, Cedar Rapids, IA, for Debtors.

John Lane, Cedar Rapids, IA, for Creditor.

### ORDER RE OBJECTION TO TRUSTEE'S REPORT ON CLAIMS

PAUL J. KILBURG, Bankruptcy Judge.

On April 21, 1998, the above-captioned matter came on for hearing pursuant to assignment. Present at the hearing were Attorney Jeffrey Taylor for Debtors, Attorney John Lane for Sears, Roebuck & Co., and Trustee Carol Dunbar. The matter before the Court is Sears, Roebuck & Co.'s objection to Trustee's Report on Claims. After the presentation of argument by counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K), and (O).

## FACTS AND PROCEDURAL HISTORY

Debtors Jonas and Jean Harnish filed a voluntary Chapter 13 bankruptcy petition on July 18, 1997. The Notice of Commencement of Case under Chapter 13, Meeting of Creditors, and Fixing of Dates was mailed to all creditors and parties-in-interest on July 25, 1997. This notice provided the date, time, and location of the meeting of creditors as well as the claims bar date. The meeting of creditors, which creditor Sears, Roebuck & Co. (hereinafter "Sears") did not attend, was held August 28, 1997. Creditors were given until November 26, 1997 to file proofs of claim.

Debtors filed their Chapter 13 Plan on August 12, 1997. Sears timely filed its proof of claim on August 28, 1997, listing a secured claim of $1,995.00 and an unsecured claim of $2,495.65. Debtors did not object to Sears' proof of claim. Sears' claim is based on purchases made by Debtors with their Searscharge. The documentation contained at the bottom of Sears' receipts states:

> Purchased under my Searscharge agreement, incorporated by reference, I grant Sears a security interest in this merchandise until paid, unless prohibited by law.

Debtors primarily used their Searscharge to purchase garage door openers. Debtor Jonas Harnish owned and operated J & J Door Repair. He states that the garage door openers purchased from Sears were installed in customers' homes in the ordinary course of business. Debtors also purchased scroll saws, saw blades, a template, a T-rail, a lawn mower, glassware, coffee mugs, and a hat with their Searscharge. The parties have stipulated that the value of this property, excluding the garage door openers, is $100.00.

Debtors' amended Chapter 13 Plan was confirmed on January 7, 1998. Sears did not object to the amended plan. Trustee filed her Report on Claims on March 3, 1998 providing for Sears' claim number 13 in the amount of $4,490.65 to be paid as unsecured pursuant to the Plan. On April 2, 1998, Sears objected to Trustee's recommendation concerning claim number 13. Sears asserts $1,995.00 is secured and $2,495.65 is unsecured, as set out in its Proof of Claim. Sears believes $1,995.00 is the fair market value of the merchandise, including the garage door openers, purchased by Debtors with their Searscharge.

Debtors argue that pursuant to 11 U.S.C. § 1327, the confirmation of their Plan acts as res judicata and bars further litigation regarding the secured or unsecured status of creditors. Alternatively, if the Court finds that the confirmation of Debtors' Plan does not act as res judicata as to the amount of Sears' claim, then, under § 506, Sears' claim is only secured to the extent of the value of its collateral existing on the date of the Petition. Debtors claim that Sears' only collateral existing on the date of the Petition was the lawn mower valued at $100.00. The other items Debtors purchased with their Searscharge have either been placed in customers' homes or businesses or have been disposed of due to ordinary wear and tear. Debtors argue that Sears does not have a security interest in the garage door openers because it did not file a financing statement with the Secretary of State.

## CONCLUSIONS OF LAW

Two issues are presented in this matter. One is the value of Sears' lien and the other is the effect of the confirmed plan on the lien.

### VALUE OF SEARS' LIEN

Debtors do not dispute that Sears had a lien at the time they filed their Chapter 13 petition. The parties have stipulated that the value of the property Debtors' purchased with their Searscharge, excluding the garage door openers, is $100.00. This is the value of the lawnmower. Debtors claim that the remaining property is essentially valueless due to normal wear and tear. The Court finds that $100.00 accurately reflects the fair market value of the property securing Sears' lien, excluding the garage door openers, on the date of the Petition.

Sears asserts it also has a security interest in the twelve garage door openers purchased with Debtors' Searscharge. Debtor asserts, however, that the garage door openers have been placed in customers' homes or businesses in the ordinary course of business.

At the hearing, the parties stipulated that Debtors' purchases of the garage door openers were the types of purchases made by a business to put in other peoples' homes.

 Under the Uniform Commercial Code, a buyer in the ordinary course of business takes property free of any security interest created by the party who sold it to the buyer. *C & J Leasing II Ltd. Partnership v. Swanson,* 439 N.W.2d 210, 212 (Iowa 1989); Iowa Code § 554.9307(1). The purpose of this provision is to give broad protection to the consumer who buys out of inventory against prior holders of liens in that inventory. *C & J Leasing,* 439 N.W.2d at 212. Debtor Jonas Harnish was in the business of installing garage door openers. Purchasers of the openers take free of Sears' security interest in the garage door openers under sec. 554.9307(1). Therefore, the openers no longer constitute collateral securing Sears' lien. The Court finds that, at the time Debtors filed their Petition, the amount of Sears' lien was $100.00.

### EFFECT OF CONFIRMATION ON SEARS' LIEN

The main issue is the effect of confirmation of Debtors' Chapter 13 Plan on Sears' lien. Section 1327(a) provides:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a) (1993). One court has noted that

[t]he true extent of the res judicata effect of a Chapter 13 confirmation order entered pursuant to § 1327(a) is, however, a complex and thorny conundrum which has vexed courts and parties, and on which there is a broad spectrum of diverse opinion.

*In re Strong,* 203 B.R. 105, 113 (Bankr. N.D.Ill.1996).

A number of circuit courts have addressed the § 1327 issue. *See, e.g., In re Linkous,* 990 F.2d 160 (4th Cir.1993); *In re Howard,* 972 F.2d 639 (5th Cir.1992); *In re Pence,* 905 F.2d 1107 (7th Cir.1990); *In re Simmons,* 765 F.2d 547 (5th Cir.1985); *In re Tarnow,* 749 F.2d 464 (7th Cir.1984). Among these courts, three approaches have emerged. "Some courts choose the claims process over the plan confirmation process, some courts choose the chapter 13 plan process over the claims process, and some courts choose a middle-of-the-road approach." *In re Basham,* 167 B.R. 903, 905 (Bankr.W.D.Mo.1994) (citations omitted).

Under the first approach, the debtor or a party in interest must object to the creditor's proof of claim because a Chapter 13 plan "does not provide the creditor with sufficient notice that the claim is disputed." *Simmons,* 765 F.2d at 552; *see also Howard,* 972 F.2d at 642. *Simmons* is distinguishable as relying on a previous version of § 506, and has been criticized for failing to appreciate the distinction between the allowance and the treatment of claims. *Harmon v. United States,* 101 F.3d 574, 585 n. 9 (8th Cir.1996); *In re Lee,* 156 B.R. 628, 629 n. 2 (Bankr. D.Minn.), *aff'd* 162 B.R. 217 (D.Minn.1993).

Under the second approach, the debtor's filing of a Chapter 13 petition is sufficient by itself "to put the creditor on notice that its rights may be altered." *Pence,* 905 F.2d at 1109. Under this approach, secured creditors have a duty to "follow the administration of the bankruptcy estate to determine what aspects of the proceeding they may want to challenge." *Pence,* 905 F.2d at 1109.

The third approach looks at the contents of the notice to determine whether it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Linkous,* 990 F.2d at 162 (citing *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). In adopting this approach, the court in *Basham* considered the creditor's sophistication, the amount of the creditor's involvement in the proceedings, and the amount of the creditor's reliance on the claims allowance procedures. 167 B.R. at 908.

The Eighth Circuit Court of Appeals has not ruled on the effect of confirmation in

Chapter 13 cases. *See Basham*, 167 B.R. at 905. In *In re Siemers*, 205 B.R. 583, 586 (Bankr.D.Minn.1997), the court applied the reasoning of two recent Eighth Circuit cases to hold that "the confirmation of a debtor's Chapter 13 plan operates to avoid the liens of all participating secured creditors provided for by the plan unless the terms of the plan provide otherwise." The court cited *Harmon*, 101 F.3d at 584, which reached the same conclusion regarding a Chapter 12 plan, and *In re Be–Mac Transport Co.*, 83 F.3d 1020, 1025–26 (8th Cir.1996), which states that a secured creditor who participates in a Chapter 11 reorganization case may lose its lien by confirmation of a plan which does not expressly preserve the lien. *Siemers*, 205 B.R. at 585. This amounts to an adoption of the second approach listed above. *See In re Pence*, 905 F.2d 1107, 1109 (7th Cir.1990); *Siemers*, 205 B.R. at 586.

Under the foregoing, two conditions are required for a reorganization plan to extinguish a lien: 1) the lienholder participated in the debtor's bankruptcy case by filing a proof of claim; and 2) the property was either "dealt with" or "provided for" by the plan. *Siemers*, 205 B.R. at 585; *Harmon*, 101 F.3d at 581–82; *Be–Mac*, 83 F.3d at 1027. If a secured creditor participates in the reorganization, its lien is extinguished by confirmation if the lien is not preserved in the plan of reorganization. *Be–Mac*, 83 F.3d at 1026.

In *Be–Mac*, the Eighth Circuit referred to the reasoning of *In re Penrod*, 50 F.3d 459, 463 (7th Cir.1995), on these issues. That case considered whether a lien survives when a Chapter 11 confirmed plan does not mention the lien. *Penrod*, 50 F.3d at 462. The court concluded that the proper rule for interpreting silence in this situation is that if there is no mention of the lien in the plan, the lien is extinguished. *Id.* at 464. It found that § 1141(c) concerning the effect of confirmation in Chapter 11 requires this result. *Id.* at 463. This reasoning is also applicable to Chapter 13 through the provisions of § 1327 which are virtually identical to § 1141(c). *See Siemers*, 205 B.R. at 586. Both sections state that after confirmation, the property of the estate dealt with or provided for in the plan is free and clear of any claim or interest of creditors. 11 U.S.C. § 1141(c); 11 U.S.C. § 1327(c). In *Penrod*, the creditor filed a proof of claim asserting a lien. 50 F.3d at 461. The Chapter 11 debtor did not object to the claim but filed a plan which did not mention the lien although it provided for payment on the creditor's claim. The plan was confirmed, apparently without objection by the creditor. *Id.* The Court held the lien was extinguished. *Id.* at 464.

■ Based on the foregoing, the Court will determine 1) whether Sears participated in the bankruptcy by filing a proof of claim, 2) whether Sears' claim was "dealt with" or "provided for" in the confirmed plan and 3) whether the confirmed plan mentioned Sears' lien. Sears filed its proof of claim prior to the original date set for the confirmation hearing. This constitutes participation by Sears in the bankruptcy proceeding. The confirmed plan is silent regarding Sears' lien. It makes no mention of any liens.

The remaining question is whether the plan dealt with or provided for Sears' claim. The 3–page plan itself does not mention Sears' claim. Debtors' schedules, however, list Sears as an unsecured creditor referencing the same account for which Sears filed its proof of claim asserting secured status. The confirmed plan provides for distribution "to the unsecured creditors of this estate whose claims are duly approved and allowed." Because Sears was scheduled as an unsecured creditor and Debtors' plan provides for distribution to unsecured creditors, the plan provides for Sears' claim under § 1327(c).

■ Sears had notice of the commencement of the case, the plan and the date for confirmation hearing. It filed its proof of claim prior to the confirmation hearing. By participating in the case by filing a proof of claim, Sears acts at its peril and cannot be excused from failing to monitor its plan treatment. *Siemers*, 205 B.R. at 586. Sears had the responsibility to object to confirmation when it became aware that Debtors' plan failed to preserve its lien. Because the plan was confirmed without preserving Sears' lien, that lien was extinguished. Sears' entire claim is therefore unsecured, as set out in Trustee's Final Report. The Court approves that treatment in these circumstances.

The Court is aware that cases in other courts have reached the opposite result. *See Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 94 (4th Cir.1995) (stating that if Chapter 13 plan does not address a lien, it passes through the bankruptcy process intact); *Kuebler v. United States,* 172 B.R. 595, 596 (E.D.Ark.1994) (where debtor failed to object to secured claim and creditor failed to object to Chapter 13 plan, the lien remains enforceable in rem after completion of payments). While admittedly subject to debate, the decisions in *Be-Mac* and *Harmon* rendered by the Eighth Circuit Court of Appeals provide sufficient guidance to convince this Court that a lien not preserved in a Chapter 13 plan is extinguished at confirmation, if the creditor has filed a proof of a secured claim and is scheduled as an unsecured creditor.

**WHEREFORE,** Sears' objection to Trustee's Report on Claims is OVERRULED.

**FURTHER,** Sears' lien is extinguished by Debtors' confirmed plan.

**FURTHER,** Sears' claim is unsecured and is entitled to its pro rata distribution under the Plan.