**In re Khalid EL KHABBAZ, Michelle El Khabbaz, Debtors.**

**Michelle M. El Khabbaz, Plaintiff,**

**v.**

**Sallie Mae Servicing Corporation Texas Guaranteed Student Loan Corporation, Defendant.**

Bankruptcy No. 95–22466–D.
Adversary No. 00–9197–D.

United States Bankruptcy Court, N.D. Iowa.

June 26, 2001.

Brian Peters, Naylor, Hoover, Peters & Blair, PC, Dubuque, IA, for debtor.

Wesley Huisinga, Shuttleworth & Ingersoll, PC, Cedar Rapids, IA, for defendant.

## ORDER RE COMPLAINT TO DETERMINE DISCHARGEABILITY AND TEXAS GUARANTEED STUDENT LOAN CORPORATION'S

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on May 25, 2001. Attorney Brian Peters appeared for Debtor/Plaintiff Michelle M. El Khabbaz. Attorney Wesley Huisinga appeared for Defendant Texas Guaranteed Student Loan Corp. (TGSLC). After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Debtor asserts TGSLC's attempt to collect on a student loan debt violates her Chapter 13 discharge injunction. TGSLC argues the student loan debt survived discharge, despite language in Debtor's Chapter 13 plan to the contrary.

### FINDINGS OF FACT

As indicated in the Court's Scheduling Order filed February 16, 2001, the parties have agreed this matter can be handled on an expedited basis. The facts are not in dispute and TGSLC has filed a Motion to Dismiss based on the allegations of the complaint. The parties made stipulations

of fact at the hearing. Summary disposition of this matter is appropriate. Therefore, by agreement of the parties, the Court will consider this ruling as a final ruling on all issues arising in Debtor's complaint.

Debtor and her husband filed a joint Chapter 13 petition on December 18, 1995. They listed an unsecured student loan debt owed to Sallie Mae in the amount of $17,000. Sallie Mae filed a proof of claim in the amount of $18,195.57 which it subsequently assigned to TGSLC. TGSLC had guaranteed this loan. Proof of the assignment was filed in Debtor's Chapter 13 case on June 20, 1996. TGSLC received pro rata distributions from the Chapter 13 Trustee during the life of the plan.

Debtor's original and amended Chapter 13 plans contained the following provision: "Student loan held by Sallie Mae is over seven years old and will be discharged at the completion of plan payments." Debtor also used this language to describe the student loan in her schedule of unsecured debts. The record indicates Debtor incurred the student loan debt while she attended college between 1982 and 1986. Thus, the original loans became due more than seven years prior to the petition date. The debt was consolidated, however, in September 1994.

Sallie Mae received notice of proceedings in Debtor's bankruptcy case. According to the file, Debtor served Sallie Mae with copies of all proposed plans and notices of confirmation hearings. After the notice of assignment of Sallie Mae's claim was filed, TGSLC was placed on the creditor matrix and received notice of proceedings in the case. TGSLC stipulates that it received notice of Debtor's second amended plan in June 1998. Neither entity objected to confirmation of any of Debtor's proposed plans.

The Court confirmed Debtor's plan which included the language discharging the student loan. Debtor has completed plan payments. Discharge entered March 7, 2000 and the case was closed.

Sallie Mae attempted to collect from Debtor subsequent to the discharge. Debtor reopened her bankruptcy case and filed this adversary action. She requests a determination that the student loan debt has been discharged under the language of her plan. TGSLC intervened as a defendant. It asserts the debt was less than seven years old at the time Debtor filed her Chapter 13 petition and is excepted from discharge regardless of the plan language. TGSLC argues a Chapter 13 plan may not make a determination of dischargeability of student loan debts. It asserts student loans may only be discharged through adversary proceedings.

## CONCLUSIONS OF LAW

At the time Debtor filed her petition in December 1995, § 523(a)(8)(A) provided that student loans are discharged if the debtor's repayment obligation "first became due" more than seven years prior to the date of the filing of the petition, exclusive of any periods of suspension or deferral of payment. 11 U.S.C. § 523(a)(8)(A) (1993). Congress later eliminated this provision with respect to cases filed after October 7, 1998.

■ For cases to which § 523(a)(8)(A) applied, such as Debtor's, a majority of courts held that the seven-year period began anew in the event the debtor consolidated student loan debts. *Hiatt v. Indiana State Student Assistance Com'n,* 36 F.3d 21, 23 (7th Cir.1994). Thus, consolidated student loans "first become due" under § 523(a)(8)(A) at the time of repayment of the new, consolidated note, not at the time of repayment of the original loans. *Id.; In re Stricklen,* 224 B.R. 905,

906 (Bankr.E.D.Ark.1998). It is noteworthy, however, that at the time Debtor filed her petition, there was a noticeable split of authority as to whether the seven-year period under § 523(a)(8)(A) ran from the date the original loans were first due or the date the new consolidation loan was first due. *In re Hesselgrave,* 177 B.R. 681, 683 (Bankr.D.Or.1995).

■ The provisions of § 523(a)(8)(A) were self-executing. *In re Griffin,* 108 B.R. 717, 720 (Bankr.W.D.Mo.1989). Debtors did not need to file an adversary proceeding to determine dischargeability of a student loan which was more than seven years old at the petition date. *Id.* Ultimately, the burden was on the student loan creditor to prove when the debt was due, exclusive of suspension periods. *In re Wardlow,* 167 B.R. 148, 150 (Bankr. W.D.Mo.1993).

Measuring the seven-year period from the time of repayment of Debtor's original loans, the student loan debt was arguably more than seven years old. Debtor attended college between 1982 and 1986. If student loans from that period first became due in 1986 or 1987, they would have been more than seven years old at the petition date in December 1995.

Debtor, however, consolidated her student loans in September 1994. She filed her bankruptcy petition in December 1995. Under the foregoing case law, Debtor's student loan first become due about 14 months, i.e. less than seven years, prior to the petition date. The statement in the plan describing her student loan as more than seven years old is, therefore, factually erroneous.

■ The ultimate issue is whether TGSLC's claim is conclusively discharged by the language of the plan. The provisions of a confirmed Chapter 13 plan bind the debtor and each creditor. 11 U.S.C. § 1327(a). If a confirmed plan treats a creditor and the creditor receives proper notice, its only remedy is to object to confirmation or appeal the confirmation order. *In re Simpson,* 240 B.R. 559, 562 (8th Cir. BAP 1999). Confirmation bars arguments challenging something that actually happened in the confirmation proceedings. *See Harmon v. United States,* 101 F.3d 574, 582 n. 5 (8th Cir.1996) (considering Chapter 12 confirmation). For example, in *In re Harnish,* 224 B.R. 91, 94 (Bankr.N.D.Iowa 1998), this court considered the effect of Chapter 13 confirmation on a lien. It held that because the plan was confirmed without preserving the creditor's lien, the lien was extinguished, precluding the creditor's subsequent assertions of the validity of the lien. *Id.* The court stated that a creditor, who has notice and files a claim in the case, acts at its peril and cannot be excused from failing to monitor its plan treatment. *Id.*

■ As a general rule, failure to raise an objection at confirmation, or on appeal from a confirmation order, precludes attack on the plan or on any provision of the plan as illegal in a subsequent proceeding. *Adair v. Sherman,* 230 F.3d 890, 894 (7th Cir.2000). If an error in treatment of a claim is included in a plan, res judicata precludes a collateral challenge to the confirmation order, even if the error is jurisdictional. *In re Ivory,* 70 F.3d 73, 75 (9th Cir.1995); *In re Crowley,* 258 B.R. 587, 591 (Bankr.D.Vt.2000).

■ It is now well settled that a Chapter 13 plan may not include a provision discharging a student loan for undue hardship. *In re Mammel,* 221 B.R. 238, 240–43 (Bankr.N.D.Iowa 1998). Some courts have raised the specter of sanctions for debtors or their attorneys who insert such provisions into plans to trap unwary student loan creditors. *See In re Patton,* 261 B.R. 44, 48 (Bankr.E.D.Wash.2001) (including

undue hardship student loan discharge in plan may be grounds for sanctions); *In re Evans,* 242 B.R. 407, 413 (Bankr.S.D.Ohio 1999) (setting show cause proceedings on possibility of Rule 11 sanctions); *In re Hensley,* 249 B.R. 318, 323 (Bankr. W.D.Okla.2000) (stating inclusion of such provisions is unethical and sanctionable).

This court has noted, however, that a majority of courts enforce offending plan provisions even though acknowledging the provision may be contrary to the Code. *Mammel,* 221 B.R. at 240. In *In re Andersen,* 179 F.3d 1253, 1254 (10th Cir. 1999), a Chapter 13 plan included a discharge of student loans for undue hardship under § 523(a)(8). The court found that although the debtor had the burden to prove undue hardship and discharge without proof is inconsistent with the Code, it is critical that the creditor failed to properly challenge the plan language. *Id.* at 1257. It concluded that the order of confirmation is res judicata on the issue of hardship. *Id.* at 1259. The court focused on the strong policy of finality of Chapter 13 confirmed plans. *Id.* at 1258. The issue of finality is especially important when the plan has already been completed and the discharge received. *In re Banks,* 261 B.R. 896, 901–02 (Bankr.W.D.Va.2001).

A majority of courts have concluded that student loan discharge provisions in confirmed plans cannot be subsequently attacked. In *In re Pardee,* 193 F.3d 1083, 1086 (9th Cir.1999), the court recognized the finality of confirmation orders even if the plan contains illegal provisions, such as the discharge of postpetition interest on student loans. *See also Banks,* 261 B.R. at 901–02 (finding plan provision tolling postpetition interest on student loan conclusive); *Patton,* 261 B.R. at 48 (precluding post-confirmation challenge of student loan discharge for undue hardship); *In re York,* 250 B.R. 842, 844 (Bankr.D.Del.2000) (stat-

ing confirmation order is res judicata on discharge of postpetition student loan interest). Two courts have refused to give effect to "discharge by declaration" of student loans in confirmed plans. *See Hensley,* 249 B.R. at 324 (requiring counsel to modify plans striking student loan discharge provisions where plans were recently confirmed); *In re Stevens,* 236 B.R. 350, 352 (Bankr.E.D.Va.1999) (stating confirmed plan provision discharging student loans cannot have the effect sought); *see also* Note, *Eradicating the "Discharge by Declaration" for Student Loan Debt in Chapter 13,* 2000 U. Ill. L.Rev. 1311 (2000).

■ Based on the foregoing, the Court concludes that Debtor's student loan debt to TGSLC is discharged pursuant to the confirmed plan. Although the plan provision is based on an erroneous computation of the length of the repayment period for the consolidated loan, it is binding on TGSLC as successor to Sallie Mae. Sallie Mae had notice of the case, was served with a copy of the plan and was given notice of the confirmation hearing, yet failed to object to treatment of its claim in Debtor's plan. Considering the case law at the time of confirmation, it is possible Sallie Mae did not recognize it had grounds to claim an exception to discharge. TGSLC, as the successor creditor, has no rights greater than Sallie Mae and is bound by the confirmed plan to which Sallie failed to object. *York,* 250 B.R. at 846.

The Court notes that this case does not involve the disfavored undue hardship "discharge by declaration" discussed in *Mammel* and *Andersen.* Rather, it involves an erroneous calculation of the seven-year period for repayment of Debtor's student loan. Unlike the undue hardship exception to student loan discharge, the seven-year repayment exception was self-executing and did not require a debtor to

file an adversary proceeding. Thus, student loan creditors holding aged loans could not rely on the requirement that an adversary proceeding be commenced before these loans were discharged. Rather, such creditors were required to monitor their plan treatment to ensure debtors had correctly calculated the seven-year period for dischargeability.

Whether Debtor included the discharge provision in her plan through mistake or guile, Sallie Mae was not bushwhacked by plan confirmation in this case. Student loan creditors may not fail to take an active role to protect their claims then later complain that plan provisions were inconsistent with the Code. Debtor completed her plan and received her discharge. She is entitled to rely on the finality of her plan provisions discharging TGSLC's claim.

Chapter 13 debtors have a duty to limit the provisions of their plans to those allowed by the Bankruptcy Code. Plan provisions discharging student loans are now obviously not appropriately included in Chapter 13 plans. The Court will not countenance inclusion of such provisions in Chapter 13 plans as traps for unwary creditors. On the other hand, creditors must review plan provisions and object if treatment of their claims is unacceptable. Otherwise, they assume the risk that they will be bound by undesirable terms if they fail to object.

**WHEREFORE,** Debtor Michelle El Khabbaz's Complaint to Determine Dischargeability is GRANTED.

**FURTHER,** the claim held by Texas Guaranteed Student Loan Corporation is DISCHARGED.

**FURTHER,** TGSLC's Motion to Dismiss is DENIED.

**FURTHER,** judgment shall enter accordingly.