### In re Kevin ZIMMERMAN and Roberta Zimmerman, Debtors.

No. 01–80278.

United States Bankruptcy Court, C.D. Illinois.

June 28, 2001.

Sumner Bourne, Peoria, IL, for debtor.

Mark Skaggs, Peoria, IL, for creditor.

*OPINION*

THOMAS L. PERKINS, Bankruptcy Judge.

Before the Court is the objection by the Debtors, KEVIN and ROBERTA ZIMMERMAN (DEBTORS) to Claim No. 3 filed by HEIGHTS FINANCE (HEIGHTS), and the response thereto filed by HEIGHTS. The issue presented is whether confirmation of a Chapter 13 plan, without objection of a secured creditor, avoids the creditor's lien, where the plan does not name the creditor or acknowledge its lien, but includes a provision that all creditors not classified as secured are deemed unsecured whose liens are void.

Two months prior to filing their petition, the DEBTORS purchased a Kirby G6 vacuum for $1,100.00 with a loan from HEIGHTS secured by a purchase money security interest in the vacuum.[1] The DEBTORS filed a Chapter 13 petition on January 23, 2001 and scheduled HEIGHTS as an unsecured creditor with a claim of $1,363.00. The plan filed by the DEBTORS proposes to pay other secured claims, including a mortgage arrearage and a car loan. The plan does not treat HEIGHTS as a secured creditor and, in fact, makes no reference to HEIGHTS or to the vacuum. The plan also includes the following provision:

> Any creditor who is not specifically treated as secured in the plan shall be deemed to be an unsecured creditor, and upon confirmation any alleged lien that it claims shall be void. In the event a

---

1. Only the front side of the retail installment contract in question is part of the record. It bears what appear to be the DEBTORS' signatures and contains the following term: "Security: you are giving a security interest in the goods or property being purchased."

creditor listed as having a secured claim paid through the Plan fails to file a proof of claim its security interest shall be voided upon discharge (or if such claim was an arrearage claim it shall be considered cured in full) pursuant to 11 U.S.C. Sections 105 and 506.

Notice of the confirmation hearing, set for February 20, 2001, was mailed to all creditors.

On January 31, 2001, HEIGHTS filed Claim No. 3, as secured, describing its collateral as a Kirby G6 vacuum valued at $1,300.26. On February 16, 2001, the DEBTORS filed a notice of objection to Claim No. 3, asserting that the claim is "fully unsecured" but without stating why.

The confirmation hearing was held on February 20, 2001, as scheduled. No objections to confirmation were filed. The Court entered an order confirming the plan on February 22, 2001. On March 8, 2001, HEIGHTS filed an answer to the DEBTORS' objection to its claim, attaching a copy of the front of the retail installment contract and maintaining that its claim is secured by a purchase money security interest. A hearing was held on April 16, 2001, and the Court requested briefs and took the matter under advisement. The DEBTORS have filed a brief but HEIGHTS has not.

In their brief, the DEBTORS do not take a position as to whether HEIGHTS held, as of the petition date, a valid purchase money security interest in the vacuum. They contend, however, that even if HEIGHTS held a valid lien, confirmation of the Plan effectively invalidated the lien, where HEIGHTS was not treated as secured and where the Plan expressly provides that such creditors are "deemed" unsecured with their liens "void" upon confirmation.

■ In order to properly frame this issue, the Court must first consider what limits the Code and Rules[2] place on lien avoidance through the Chapter 13 plan confirmation process. As a general proposition, liens pass through bankruptcy unaffected unless limited or avoided in accordance with rights and procedures provided by the Code and Rules. In Chapter 13, secured creditors can have their rights with respect to their collateral limited or avoided in at least four ways.

■ If the creditor is undersecured, it may be subject to the lien-stripping provision of Section 506(a). Its allowed claim may be bifurcated into two claims: a secured claim equal to the value of its collateral and an unsecured claim for the remaining deficiency.[3] 11 U.S.C. § 506(a). Rule 7001(a) describes three additional bases for limiting or avoiding a lien. First, a lien may be avoided as invalid if there is a problem with the "existence or legitimacy of the lien itself." *Matter of Beard*, 112 B.R. 951, 955 (Bankr.N.D.Ind. 1990). Second, even if valid, a lien may be limited or avoided because it lacks priority, i.e., "the lien's relationship to other claims to or interests in the collateral." *Id.* Third, a lien may be limited in its extent, i.e., "the scope of the property encompassed by or subject to the lien." *Id.* As discussed below, only lien-stripping is a permissible way to modify a lien through the Chapter 13 plan confirmation process.

**2.** Unless otherwise noted, all references to the "Code" are to the Bankruptcy Code and the "Rules" are to the Federal Rules of Bankruptcy Procedure.

**3.** Of course, lien-stripping is not permitted if the claim is secured only by a security interest in real property that is the debtor's principal residence. *Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

 The valuation process contemplated by Section 506(a) is a contested matter pursuant to Rule 9014. *See,* Rule 3012 and its Advisory Committee Note. With one exception,[4] challenges to a lien's validity, priority or extent, however, must be raised in an adversary proceeding. *See, Id.;* Rule 7001(2). Since the Chapter 13 confirmation process proceeds as a contested matter[5] without the heightened procedural protections of an adversary proceeding, only contested matter issues are properly determined at confirmation. *Matter of Beard, supra* at 955.

This procedural limitation has a constricting effect upon the breadth to be given Section 1327 of the Code, which governs the effect of confirmation of a Chapter 13 plan. That section provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan. 11 U.S.C. § 1327.

 The *res judicata* effect of Section 1327(a) only applies to issues that are properly raised as contested matters, and not those that must be raised in an adversary proceeding. *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995); *Matter of Beard, supra* at 955–56. Since a lien may be reduced or eliminated by confirmation of a Chapter 13 plan on the basis of the value of the collateral but not on the basis of a challenge to its validity, priority or extent, a creditor is bound by valuation of its collateral in a plan but is ordinarily not bound by an attempted elimination of its lien for some reason other than lack of collateral value, unless actually litigated. *In re Hudson,* 260 B.R. 421, 442 (Bankr. W.D.Mich.2001) (A debtor, in a proposed plan, should not attempt to pull a "fast one" upon a secured creditor by using the plan confirmation process to invalidate a lien.).

The same principles apply to the scope of Section 1327(c), which provides that confirmation of the plan vests all property of the estate in the debtor "free and clear" of any claim or interest of any creditor. The scope of this section as a lien-avoiding mechanism is also limited to circumstances where a lien is eliminated for lack of collateral value but not for any reason requiring an adversary proceeding.[6] It is also limited by the express condition that a holder

---

**4.** The exception stated in Rule 7001(2) pertains to avoidance of certain judicial liens and certain nonpossessory, nonpurchase-money security interests described in Code Section 522(f). From the record before the Court, it appears that HEIGHTS holds a purchase money security interest so that the exception is inapplicable.

**5.** *See,* Rule 3015(f).

**6.** In this Court's opinion, it is proper for a plan to provide that a secured creditor's secured claim is determined to be $0.00, so that the creditor is justifiably treated as fully unsecured per Section 506(a), based on the destruction or worthlessness of its collateral, or based on the fact that the collateral is encumbered by the senior lien of an undersecured creditor. Only if priority is actually disputed by the alleged junior creditor is an adversary proceeding necessary.

of an eliminated lien be "provided for by the plan." 11 U.S.C. § 1327(c).

If a creditor is not "provided for" in the plan, the property on which it holds a lien does not vest in the debtor free and clear of the lien. *In re Lee,* 182 B.R. 354 (Bankr.S.D.Ga.1995). Where not "provided for," a creditor's lien passes through Chapter 13 unaffected and the creditor may proceed to foreclose the lien on the collateral after bankruptcy, or earlier upon obtaining stay relief. *In re Geiger,* 260 B.R. 83 (Bankr.E.D.Pa.2001); *In re Henline,* 242 B.R. 459 (Bankr.D.Minn.1999); *In re Wolf,* 162 B.R. 98 (Bankr.D.N.J. 1993).

To "provide for" a creditor in a Chapter 13 plan, for purposes of Section 1327(c), the plan must, at a minimum, clearly and accurately characterize the creditor's claim in the plan. *In re Deutchman,* 192 F.3d 457 (4th Cir.1999); *Cen-Pen Corp. v. Hanson, supra* at 94 (A plan "provides for" a claim or interest when it acknowledges the claim or interest and makes explicit provision for its treatment.). Ordinarily, this requires the creditor to be identified by name. *In re Burgess,* 163 B.R. 726, (Bankr.M.D.Pa.1993). *See, also, In re Holloway,* 261 B.R. 490 (M.D.Ala. 2001) (holding, in a Chapter 12 case, that a creditor's secured lien must be acknowledged as a secured lien in order for that creditor to be "provided for" in the plan).

The *Burgess* court succinctly explains why plain notice, in the plan, to the potentially affected creditor is critical:

> Because Section 1327(c) has the rather harsh impact of actually dislodging a lien of a creditor who is "provided for by the plan", it is imperative that this Court consider not only the wording of the plan but also the adequacy of notice and' a determination of whether the due process rights of a secured creditor have

been protected. A Chapter 13 plan must bear "constitutional and statutory muster as to the vested property rights of secured creditors". *Matter of Anderson,* 6 B.R. 601, 609 (Bankr. S.D.Ohio 1980). Without the measure of protection afforded by clear language in the plan and sufficient notice to the creditor, the plan can be no more binding than if it had sat, unfiled, on the lawyer's desk.

163 B.R. at 729.

In addition to identifying the creditor and its claim, a plan that seeks to eliminate a lien for lack of collateral value should give the creditor some explanatory detail, *e.g.,* that the collateral is destroyed or is worthless or is fully encumbered by a senior lien. *In re Fuller,* 255 B.R. 300, 306–07 (Bankr.W.D.Mich.2000); *In re Beard, supra,* n. 1; *In re Rogers,* 57 B.R. 170, 172 (Bankr.E.D.Tenn.1986).

In summary, a creditor's lien may be avoided through confirmation of a Chapter 13 plan where the basis is lack of collateral value and where the plan properly "provides for" the creditor through language sufficiently specific to put the affected creditor on notice that its lien will be lost if an objection to the plan is not made. The burden is squarely on the shoulders of the debtor, as the drafter of the plan, to ensure that the language of the plan provides adequate notice of the debtor's intentions and the basis for the proposed lien avoidance. If the basis for avoidance is improper or if notice to the creditor is inadequate, the secured property will still vest in the debtor upon confirmation, as provided by Section 1327(b), but will remain subject to the unavoided lien rather than vesting "free and clear" as permitted by Section 1327(c).

Having stated the rules, the conclusion to be drawn in the present case is

almost foregone. The DEBTORS' Plan fails both inquiries. Although the basis for avoiding HEIGHTS' lien is not stated in the Plan, it clearly appears not to be based on lack of value. The vacuum was purchased for $1,100 just two months prior to the bankruptcy filing. An "almost new" vacuum has value, particularly at the replacement value standard enunciated by the Supreme Court in *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). This is not a case where the collateral is worthless. Neither is there any suggestion that it has been destroyed or is subject to a senior lien.

Likewise, the Plan fails to give specific notice to HEIGHTS of the potential loss of its lien. It does not refer to HEIGHTS by name or to its security interest. The Plan fails to "clearly and accurately characterize" HEIGHTS' claim in the Plan. Therefore, the Plan fails to "provide for" HEIGHTS, as that term is used in Section 1327(c), and the DEBTORS may not receive the lien avoiding benefit of that provision.

■ Although the Plan does contain the non-creditor-specific, boilerplate language deeming unreferenced creditors to be unsecured with their liens void upon confirmation, this catch-all provision does not satisfy the "provide for" test of Section 1327(c), which is the condition required by the Code to permit "free and clear" vesting of property. The DEBTORS will not be permitted to end-run this Code requirement by including plan language designed to effect a similar result, but without the troublesome condition. Where, as here, the reason justifying avoidance is something other than lack of collateral value, the provision also runs afoul of Rule 7001(2). A plan must comply with the provisions of the Code and the Rules. 11 U.S.C. § 1325(a)(1); *In re Fuller*, 255 B.R.

300, 303 (Bankr.W.D.Mich.2000). Unless actually litigated, provisions of a confirmed plan that exceed the boundaries set by the Code and the Rules have no *res judicata* effect as to the affected creditor or claim. *Cen–Pen Corp. v. Hanson, supra* at 92–93.

In support of their position that the confirmed Plan is binding upon HEIGHTS, the DEBTORS rely upon an unpublished opinion from this District, *In re Roberts*, Case No. 99–80260 (August 20, 1999). In that case, the court, following *In re Harnish*, 224 B.R. 91 (Bankr.N.D.Iowa 1998), held, on facts similar to those in the present case, that the creditor, not treated as secured by the debtor's plan, was bound by the "boilerplate" language of the plan which provided that any creditor not specifically treated as secured in the plan shall be treated as an unsecured creditor, and release its lien upon completion of the plan and issuance of the discharge. The court held that the provision sufficiently "provided for" the creditor for purposes of Section 1327(c), even though the plan did not name the creditor or otherwise identify its claim. This Court respectfully disagrees with *Roberts* and *Harnish* and concurs with *Deutchman, Cen–Pen* and *Burgess* that the "provide for" condition of Section 1327(c) requires a creditor-specific provision. A general, boilerplate provision is not sufficient to trigger its lien avoiding effect.

HEIGHTS' suggestion that its claim, filed prior to the confirmation hearing and which asserts its secured status, prevails over the terms of the DEBTORS' confirmed plan, misses the mark. In *In re Duggins*, 263 B.R. 233 (Bankr.C.D.Ill. 2001), this Court held that, where the plan values a secured claim, a filed proof of claim that asserts secured status and states a collateral value does not override the treatment of the secured claim under the confirmed Chapter 13 plan, citing with approval, among other cases, *In re Hud-*

*son,* 260 B.R. 421 (Bankr.W.D.Mich.2001) and *In re Durham,* 260 B.R. 383 (Bankr. D.S.C.2001).

Here, the DEBTORS' plan is silent with respect to HEIGHTS' claim.[7] Nevertheless, HEIGHTS' proof of claim does not prevail over or become incorporated into the confirmed Plan. A Chapter 13 plan may permissibly not provide for payment of a secured claim, or may expressly provide for surrender of the collateral. Because the confirmed Plan did not treat HEIGHTS as a secured creditor, HEIGHTS is not entitled to receive the payments payable to "each allowed secured claim provided for by the plan" pursuant to Section 1325(a)(5). To the extent HEIGHTS has a valid, unavoidable security interest in the vacuum and is not provided for in the confirmed Plan, its lien "passes through bankruptcy" and it may

seek relief from the automatic stay to enforce its lien outside of bankruptcy.[8] *Ruxton v. City of Philadelphia,* 246 B.R. 508 (E.D.Pa.2000); *Kuebler v. U.S.,* 172 B.R. 595 (E.D.Ark.1994); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990).

By filing a claim asserting secured status, HEIGHTS did not become entitled to be paid as a secured creditor through the Plan, nor did it surrender its lien by failing to object to the Plan.[9] Its lien is preserved not because it filed a proof of claim, but because the DEBTORS' Plan does not satisfy the conditions necessary to avoid its lien through confirmation. If those conditions were satisfied, then HEIGHTS' lien would be avoided notwithstanding its proof of claim.

The rule that the DEBTORS would have this Court adopt is that a valid lien secured by valuable property may be avoided

---

**7.** *Cf. Adair v. Sherman,* 230 F.3d 890 (7th Cir.2000) where the Chapter 13 plan did not value secured claims but provided that secured claims would be paid in full.

**8.** While claims litigation may often be given preclusive effect, this Court's ruling denying the DEBTORS' objection to HEIGHTS' claim must be considered in the context in which it is made. The DEBTORS, through inadvertence or design, did not provide for HEIGHTS' claim in their plan, and their objection to its claim is only an attempt to ascertain the effect of their confirmed plan upon HEIGHTS' lien. This Court's determination that HEIGHTS' lien passes through the DEBTORS' bankruptcy, renders any inquiry as to the actual validity, extent or priority of HEIGHTS' lien, at this stage of the proceedings, where the provisions of the confirmed plan are binding upon both parties, superfluous and unnecessary. If HEIGHTS files a motion for relief from the stay, that hearing will be a summary proceeding of limited effect and HEIGHTS need only show that it has a colorable claim to a perfected security interest. *Matter of Vitreous Steel Products Co.,* 911 F.2d 1223 (7th Cir.1990). The merits of HEIGHTS' substantive claims and the DEBTORS' defenses will be decided in another forum.

**9.** *In re Penrod,* 50 F.3d 459 (7th Cir.1995); *In re Holloway,* 254 B.R. 289 (Bankr.M.D.Ala. 2000), *aff'd,* 261 B.R. 490. In *Penrod,* a Chapter 11 case, the Seventh Circuit qualified the longstanding principle, now codified by § 506(d) of the Bankruptcy Code, that liens pass through bankruptcy unaffected, holding that under § 1141(c), a lien may be extinguished in a Chapter 11 proceeding without the filing of an adversary proceeding, where provision is made for the creditor's claim in the plan of reorganization. The language of § 1141(c) differs from that of § 1327(c), calling for a different result in lien extinguishment in Chapter 11 versus Chapter 13 cases. *In re Regional Bldg. Systems,* 251 B.R. 274 (Bankr.D.Md.2000). This distinction is displayed in *Matter of Pence,* 905 F.2d 1107 (7th Cir.1990), a Chapter 13 case, where the court rejected the debtor's contention that the provisions of a confirmed plan are always binding upon a secured creditor's lien, distinguishing those decisions where the plan treats the claim in a fair and equitable manner, such as payment in full, from circumstances where the secured creditor receives no payment under the plan.

through confirmation by the DEBTORS' failure to properly acknowledge the lien as long as the Plan contains a general avoiding provision. This Court is of the opinion that Section 1327(c) permits lien avoidance where based on lack of collateral value but only where the affected creditor is specifically warned in the plan, and thus precludes the avoiding effect of the boilerplate plan provision here. This Court holds that where the Chapter 13 plan does not "provide for" the holder of a secured claim, or where the debtor's reason for avoiding its lien is one that must be raised in an adversary proceeding, confirmation of the plan without objection by the creditor does not operate to avoid the creditor's lien, even though the plan contains a general provision that all creditors not classified as secured are deemed unsecured and their liens void.

Since the lien-avoiding effect of confirmation of their Plan, now rejected, is the sole basis for the DEBTORS' objection to the claim of HEIGHTS FINANCE, the objection will be denied through entry of a separate Order.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.