**In the Matter of Donald C. FULLER, Jr., and Shirley A. Fuller, Debtors.**

No. HL 00–05116.

United States Bankruptcy Court, W.D. Michigan.

Nov. 13, 2000.

Marshall A. Yee, Lansing, MI, for debtors.

### OPINION RE: DEBTORS' MOTION TO RECONSIDER ORDER DENYING CONFIRMATION

JEFFREY R. HUGHES, Bankruptcy Judge.

Donald C. Fuller, Jr. and Shirley A. Fuller ("Debtors" or "Fuller") included a provision in their proposed Chapter 13 plan whereby a third mortgage against their residence would be extinguished because it had no value. The court denied confirmation of the plan because Rule 7001(2) of the Federal Rules of Bankruptcy Procedure [1] requires that the validity,

1. Unless otherwise noted, all further references to a rule are to the Federal Rules of

priority or extent of a lien in property be determined through an adversary proceeding. However, for the reasons stated in this opinion, the court reverses its decision and concludes that a lien which is totally unsecured may be extinguished through the Chapter 13 confirmation process provided that the language in the plan is sufficiently clear to put the lienholder on notice of the debtor's intentions.

## I. *JURISDICTION*

The court has jurisdiction over this case. 28 U.S.C. §§ 157(a) and 1334; W.D.Mich. L.Civ.R. 83.2(a). This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(K) and (L).

## II. *BACKGROUND*[2]

On June 26, 2000, the Fullers filed their voluntary joint petition under Chapter 13 of the Bankruptcy Code.[3] They simultaneously filed the requisite schedules and their Chapter 13 plan.

Section II.B.2 of the Fullers' Chapter 13 plan stated that:

> [t]he claim of Co–America [sic] in the amount of approximately $10,610.00 which is secured by a 3rd mortgage on Debtor's [sic] residence shall be treated and paid as an unsecured claim as no equity remains to secure this claim.

According to the certificate of service contained in the court file, all creditors, including Comerica Bank, were served by mail with a copy of the Chapter 13 plan.

The Fullers stated in their schedules that the residence has a current fair market value of $64,000.00 and that it is subject to three mortgages. The schedules indicate that the first two mortgages secure obligations which total $65,668.00 and that the third mortgage, which is to Comerica Bank, secures a $10,611.00 obligation.

On July 14, 2000, Comerica Bank filed with the court a proof of claim in the amount of $10,723.78. The proof of claim stated that its claim was secured by a mortgage in the Fullers' residence. A copy of both the promissory note evidencing the claim and the mortgage were attached. The court concludes from Comerica Bank's filing of a proof of claim that Comerica Bank was aware of the Fullers' Chapter 13 proceeding almost from its inception. As already noted, Comerica Bank was served with a copy of the Fullers' Chapter 13 plan.[4]

On August 24, 2000, the scheduled confirmation hearing for the Fullers' Chapter 13 plan was held. The Chapter 13 trustee appeared and recommended confirmation. The Fullers did not appear.[5] The court denied confirmation because of the provision in the Fullers' plan to extinguish Comerica Bank's lien. Although the court recognized the Fullers' right to extinguish a lien in a Chapter 13 plan proceeding if the lien had no value, *In re Phillips*, 224

Bankruptcy Procedure.

**2.** This opinion represents the court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and 9014. There were no disputed facts. In reaching its conclusions of law, the court has relied upon the schedules and Chapter 13 plan filed by the Fullers.

**3.** The Bankruptcy Code is set forth in 11 U.S.C. §§ 101–1330. Unless otherwise noted, all further statutory references are to the Bankruptcy Code.

**4.** The mailing address which Comerica Bank placed on its proof of claim, 3551 Hamlin, Auburn Hills, MI 48326–7240, is different from the address to which Comerica Bank's copy of the Chapter 13 plan was mailed. However, there is no indication that Comerica Bank was not aware of the Fullers' intentions concerning the treatment of its lien under their plan.

**5.** The Fullers' claim that they were "denied an opportunity to present argument at the confirmation hearing ..." (Brief at p. 1). The Fullers' argument is without merit. The resume in the court file from the confirmation hearing reflects that neither the Fullers nor their counsel appeared at that hearing. The Fullers had the opportunity to present argument at the confirmation hearing. They were deprived of that opportunity only because they chose not to attend.

B.R. 871 (Bankr.W.D.Mich.1998), the court concluded that the debtor could accomplish that objective only through the commencement of an adversary proceeding. Fed. R.Bankr.P. 7001(2).

On September 5, 2000, the Fullers filed the present motion.[6] Both the motion and the supporting brief were served upon Comerica Bank together with the notice of a September 28, 2000 hearing date. The Fullers and the Chapter 13 trustee appeared at the September 28, 2000 hearing. Comerica Bank did not appear. The Fullers' waived further argument at this hearing and the court took the Fullers' motion under advisement.

### III. *DISCUSSION*

The issue before the court brings into question the relationship between the Bankruptcy Code and the rules which have been enacted in conjunction with the Bankruptcy Code. The Supreme Court is authorized by statute to adopt rules to supplement the Bankruptcy Code:

> The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.
>
> Such rules shall not abridge, enlarge, or modify any substantive right.
>
> The Supreme Court shall transmit to Congress not later than May 1 of the year in which a rule prescribed under this section is to become effective a copy of the proposed rule. The rule shall take effect no earlier than December 1 of the year in which it is transmitted to Congress unless otherwise provided by law.

28 U.S.C. § 2075.

■ *Collier on Bankruptcy* states that the bankruptcy rules "have the force

of law and must be followed." 1 *Collier on Bankruptcy,* ¶ 1.04 (Matthew Bender 5th ed. rev.2000). Although *Collier* cites no authority for this proposition, it certainly can be deduced from the fact that no rule is effective until it is first submitted to Congress. 28 U.S.C. § 2075. The fact that courts routinely disallow proofs of claim within the time periods prescribed by Rule 3002 offers actual proof that the bankruptcy rules do in fact substantively constrain what the Bankruptcy Code otherwise provides.[7] The only limits on the breadth of a bankruptcy rule is that it must relate to "practice and procedure in cases under Tide 11" and that it must "not abridge, enlarge or modify any substantive right." *Id.*

■ Chapter 13 plans are not exempt from the bankruptcy rules. Granted, Section 1325 sets forth specific standards which must be met if a Chapter 13 plan is to be confirmed. However, the first subpart of Section 1325 requires that the plan comply "with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). Moreover, the third subsection requires that the plan not be proposed "by any means forbidden by law." 11 U.S.C. § 1325(a)(3). The court interprets these two confirmation standards as requiring adherence not only to the specific provisions of the Bankruptcy Code, but also to the rules which Congress authorized the Supreme Court to enact to supplement the Bankruptcy Code.

Rules 9013 and 9014 establish the procedures for general motion practice before the bankruptcy court. Many of the matters which typically arise in a bankruptcy are subject to such motion practice. However, the Supreme Court determined that

---

6. The motion is titled "Motion to Reconsider Order Denying Confirmation." The Federal Rules of Bankruptcy Procedure do not provide for such a motion. The court treats this motion as a motion to amend or alter a judgment/order pursuant to Fed.R.Bankr.P. 9023(e).

7. Section 502(b)(9) states that a proof of claim may be disallowed if not timely filed but defers the determination of what constitutes a timely claim in part to the bankruptcy rules.

a different, more comprehensive set of procedures was required for certain matters which might arise during the administration of the bankruptcy estate. The matters which it identified as requiring this special treatment are:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge;

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

Fed.R.Bankr.P. 7001(1)–(10).

Rule 7001 defines these ten categories generally as "adversary proceedings." *Id.*

■ The court concludes that a debtor may not circumvent the special procedures required by Rule 7001 simply by incorpo-

rating the requested relief within a Chapter 13 plan unless Rule 7001 itself permits such relief through the confirmation process. For example, Rule 7001(6) requires that the dischargeability of a debt be determined through an adversary proceeding. A debtor may not secure a "hardship discharge" of a student loan which would otherwise be non-dischargeable under Section 1328(a) by making such a discharge part of the debtor's Chapter 13 plan. *See, e.g., In re Mammel,* 221 B.R. 238, 241 (Bankr.N.D.Iowa 1998); *In re Evans,* 235 B.R. 133, 136 (Bankr.S.D.Fla.1999). On the other hand, a Chapter 13 plan may provide for injunctive or other equitable relief. Fed.R.Bankr.P. 7001(7).

There is a rationale for requiring that a Chapter 13 debtor not include within his or her plan provisions which would otherwise require the commencement of an adversary proceeding. In many ways, a contested matter is similar to an adversary proceeding. Pre-hearing discovery is available in a contested matter unless the court otherwise objects. Fed.R.Bankr.P. 9014. A judgment may enter at the conclusion of the hearing. Fed.R.Bankr.P. 9021. Moreover, the court may require that an opposing party answer a contested matter. Fed.R.Bankr.P. 9014. The court may also direct at any stage of the contested matter than any other rule applicable to an adversary proceeding also apply in the contested matter. *Id.*

■ What distinguishes an adversary proceeding from a contested matter is that an adversary proceeding must be commenced by the filing and service of a complaint which meets specific notice and formatting requirements and which must be accompanied by a summons directed to the named defendant. Fed.R.Bankr.P. 7003–7004, 7008–7010. The court believes that it is this feature of the adversary proceeding process as described in Part VII of the Federal Rules of Bankruptcy Procedure that the Supreme Court focused upon when it delineated what bankruptcy matters could be adjudicated through general

motion practice and what matters would require the commencement of an adversary proceeding. The Supreme Court determined that the relief sought in any of the matters described in subsections (1) through (10) of Rule 7001 was of sufficient consequence to the affected party that the party deserved something more than a copy of a generic motion which may have been mailed to countless other creditors and which may include numerous other requests for relief totally unrelated to the specific relief sought against that party. For example, the Supreme Court decided that in bankruptcy matters where the relief sought is the recovery of property or the dischargeability of a debt,[8] the party against whom such relief is sought is entitled to receive a complaint which (1) identifies within the caption the party which is the object of the plaintiff's action, (2) which states the specific relief which is sought against that party, and (3) which describes in sufficient detail the basis for the requested relief. Fed.R.Bankr.P. 7008(a). In addition, the Supreme Court determined that the affected party is entitled to receive with that complaint a summons which states, among other things, that if the party does not appear and defend, a judgment for the relief sought will be entered against it. Fed.R.Bankr.P. 7004(a).

■ The court recognizes that while the bankruptcy rule may have the force of law, it may not conflict with any substantive right created by the Bankruptcy Code itself. 28 U.S.C. § 2075. If Congress had included within Section 1322(b) a specific provision which, for example, provided that student loans could be discharged in a Chapter 13 plan if the plan established a hardship exception, then the Rule 7001 requirement of an adversary proceeding would clearly be overridden by substantive law. However, the court cannot find anything within Section 1325 or Section 1322 which would suggest that Congress intended to circumscribe the Supreme Court, in its rule-making capacity, from establishing

procedures concerning notice notwithstanding the fact that those procedures might limit the types of Chapter 13 provisions which a debtor would otherwise be able to propose. Indeed, the constraint in both Section 1322(b)(10) and Section 1325(a)(1) that the plan provisions be consistent with Title 11 mandates that the bankruptcy rules must be heeded, not ignored.

■ Having concluded as a general rule that a Chapter 13 plan may not be confirmed if it includes a plan provision which would require an adversary proceeding were the relief sought outside the context of the Chapter 13 plan, the court nonetheless finds that the Fullers' challenge to the court's order denying confirmation of their plan has merit. On its face, Rule 7001(2) would appear to require the debtor to commence an adversary proceeding to extinguish a worthless lien since the debtor would be seeking a determination of the "validity, priority or extent of a lien." However, Rule 7001(2) itself provides that a lien in exempt property which is either a judicial lien or which is a non-possessory, non-purchase lien in household furnishings or certain other property may be set aside by motion instead of an adversary proceeding. Fed.R.Bankr.P. 4003(d) and 7001(2). Similarly, a Chapter 11, 12 or 13 plan may provide for equitable relief and subordinate liens even if an adversary proceeding would be required to secure such relief outside of the plan confirmation process. Fed.R.Bankr.P. 7001(7) and (8). For whatever reason, the Supreme Court has determined that a holder of a lien of the type described in Section 522(d) or a party who is the object of injunctive relief as part of a Chapter 11, 12 or 13 plan is not entitled to the special notice of a summons accompanied by a complaint.

The court concludes that there is a second, albeit unstated, exception to the Rule 7001(2) requirement that the "validity, priority or extent of a lien" be determined by

---

8. Fed.R.Bankr.P. 7001(1) and (6).

an adversary proceeding. Section 506(a) provides that the collateral which secures an allowed claim may be valued so as to ascertain what portion of the claim is to be treated in the bankruptcy proceeding as secured and what portion is to be treated as unsecured. Rule 3012 provides that the valuation of the collateral may be accomplished by motion and after hearing on notice to the holder of the secured claim and such other entities as the court directs. Finally, Section 506(d) provides that to the extent the claimed lien exceeds the amount of the allowed claim determined to be secured, the lien is void.

Although often characterized as "lien stripping," the process which the Fullers have pursued with respect to Comerica Bank's lien is more accurately described as a Section 506(a) valuation motion which, if successful, would result in Comerica Bank's lien being completely extinguished pursuant to Section 506(d). The Supreme Court has held that a debtor may not "strip" a lien in this fashion in a Chapter 7 proceeding, *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), or in a Chapter 13 proceeding if the allowed claim is partially secured. *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). However, this court has held that Section 506 may be used to strip a lien in a Chapter 13 proceeding if the claim which is collateralized by the lien is determined to be wholly unsecured. *In re Phillips, supra.*

■ That Section 506 "lien stripping" is not specifically excepted from Rule 7001(2) whereas Section 522(f) lien avoidance is excepted does not sway the court in reaching the conclusion that Section 506 "lien stripping" is nonetheless an exception to this rule. Section 522(f) lien avoidance is

not self-effectuating. In order to avoid such a lien, the debtor must commence a proceeding, which, pursuant to Rules 4003(d) and 7001(2), may be accomplished through the service of a motion as opposed to service of a summons and complaint. Consequently, it is necessary to specifically except a Section 522(d) lien avoidance proceeding from Rule 7001(2).

■ In contrast, lien avoidance under Section 506(d) does not require the commencement of a separate proceeding. Rather, it is the inevitable byproduct of the Section 506(a) valuation process. Rule 3012 permits a secured claim to be valued through general motion practice. Once the value of the secured claim is determined, the attendant lien is automatically "stripped." No further proceeding, either by motion or complaint, is required. Therefore, it is unnecessary to refer in Rule 7001 to the inevitable lien avoidance which results from the Section 506(a) valuation process.[9]

The final issue is whether the Fullers may value Comerica Bank's claim as part of the confirmation process as opposed to by separate motion. The court concludes that they may. Rule 9013 requires that a request for an order from the bankruptcy court be made by written motion. The definition of a "motion" is sufficiently flexible to allow a request for relief to be incorporated as a provision within a Chapter 13 plan. Indeed it is fair to describe the plan itself as a motion containing multiple requests for relief, all of which are to be satisfied through the issuance of a confirmation order.

■ The Court further concludes that the relief sought by the Fullers against Comerica Bank in their plan and the

---

9. An argument could be made that the lien avoidance which the Fullers are seeking through their Chapter 13 plan is also exempted from Rule 7001 because lien avoidance is a form of equitable relief and Rule 7001(7) does not require the commencement of an adversary proceeding to award equitable relief if

the equitable relief sought is part of a Chapter 13 plan. However, the court chooses not to address this argument since it is satisfied that the Fullers may incorporate the relief they are seeking within their Chapter 13 plan regardless of whether Rule 7001(7) applies.

grounds therefor are stated with sufficient particularity to meet the requirements of Rule 9013. Although the pertinent plan provision could have been more artfully stated, it was sufficient to put Comerica Bank on notice that the Fullers believed that the residence had insufficient value to collateralize any portion of Comerica Bank's lien and that therefore Comerica Bank's entire claim would be treated as unsecured. Given that the avoidance of Comerica Bank's entire lien would be an inevitable consequence of the valuation process if the Fullers prevailed, 11 U.S.C. § 506(d), Comerica Bank is presumed to have known this upon receiving notice of the Fullers' intentions concerning the valuation of its claim. Therefore, it was not necessary for the Fullers to include in their plan any more information than they did in order to satisfy the notice requirement of Rule 9013.

## IV. *CONCLUSION*

For the reasons stated in this opinion, the court will set aside its August 29, 2000 order denying confirmation. However, two months have passed since confirmation was denied. Therefore, the court will require the confirmation of Fullers' Chapter 13 plan to be rescheduled for hearing at **9:30 a.m.** on **November 16, 2000** in Lansing, Michigan. At that hearing, the Chapter 13 trustee will have the opportunity to advise the court as to whether he continues to recommend confirmation of the Fullers' plan. The court will issue a separate order consistent with this opinion.