In re Justin B. NOWLING and Robin R. Nowling, Debtors.

No. 01–26178–BKC–RBR.

United States Bankruptcy Court, S.D. Florida.

May 9, 2002.

Greg S. Ahrens, Adorno & Zeder, P.A., Miami, FL, for Bank of America.

Michael Frank, Miami, FL, for Justin and Robin Nowling.

Robin R. Weiner, Ft. Lauderdale, FL, trustee.

## ORDER GRANTING MOTION TO QUASH SERVICE OF DEBTOR'S CHAPTER 13 PLAN AND TO QUASH SERVICE OF DEBTOR'S MOTION TO VALUE COLLATERAL

RAYMOND B. RAY, Bankruptcy Judge.

THIS MATTER having come before the Court on March 5, 2002 upon Creditor Bank of America, N.A.'s ("Bank of America") Motion to Quash Service of Debtors' Chapter 13 Plan and Motion to Value Collateral Incorporated Therein. The Court, having reviewed the Motion and the stipulated facts and issues and having heard argument of counsel, finds for the reasons set forth below that notice was ineffective under Bankruptcy Rule 7004 as it was not served upon an officer of Bank of America, N.A. nor was it made by certified mail.

**BANK OF AMERICA'S LIEN AGAINST THE DEBTOR'S REAL PROPERTY**

Bank of America is the holder of a second mortgage secured by the Debtors' principal place of residence and filed its secured Proof of Claim, No. 20, in the sum

of $53,648.94 on January 28, 2002, by virtue of a Note and Mortgage entered into between the Debtors and Bank of America. Said mortgage was recorded on October 5, 1999 in Official Records Book 29907 at Page 1402 of the Public Records of Broward County, Florida. The Note is secured by a Mortgage encumbering real property (the "Property") located in Broward County, Florida, more specifically described as:

LOT 8, HARGER HILLS, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 26 AT PAGE 41 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA A/K/A 5850 SOUTHWEST 37TH AVENUE, FORT LAUDERDALE, FLORIDA.

On August 23, 2001, the Debtors filed their Chapter 13 case listing "Bank of America" as a secured creditor and the holder of a second mortgage in the sum of $50,637.00. A first mortgage encumbering the Property was scheduled to be in favor of Washington Mutual in the sum of $200,000. The Debtors identified the Property in their Schedules to be their homestead residence with a value of $158,430, subject to the two mortgages pursuant to their Schedule D. The Debtors specifically exempted their interest in the residence as their homestead under Florida law.

As an address for Bank of America relative to the Bank of America Mortgage, the Debtors used POB 31176, Tampa, Florida 33631 on their Schedule D. Bank of America was also included in the Debtors' Schedules as a secured creditor (for a recreational vehicle) using the address of Bank of America Specialty Finance, POB 31681, Tampa, FL 33631. Bank of America was also listed as an unsecured creditor with the address of POB 30770, Tampa, FL 33630.

The record before the Court indicates that the address P.O. Box 30770, Tampa, Florida, 33630 is a payment lock box address used for receipt of payments on loan accounts. It is not the address of a designated registered agent for service of process nor is it the address for an officer of Bank of America. Similarly, the address P.O. Box 31176, Tampa, Florida 33631 is a payment lock box address used for receipt of payments on loan accounts. It is also for "specialty loans" not real estate mortgage loans. It is not the address of a designated registered agent for service of process nor is it the address for an officer of Bank of America.. Finally, the record before the Court indicates that the address P.O. Box 31681, Tampa, Florida 33631 is a payment lock box address used for receipt of payments on loan accounts. It is not the address of a designated registered agent for service of process nor is it the address for an officer of Bank of America.

On September 11, 2001, the Debtors filed their Chapter 13 Plan, (the "Plan") pursuant to which the Debtors declared that there was no equity in their homestead to support the second mortgage in favor of Bank of America. In relevant part the Plan provides:

X IF CHECKED, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING THE CLAIMS OF THE CREDITORS LISTED BELOW PURSUANT TO 11 U.S.C. § 506(A) AND THE BANKRUPTCY RULE 3012...

*Paragraph 3.* The value of the homestead property is $154,830 and the amount owed to the First Mortgagee WASHINGTON MUTUAL is $200,000. Therefore, as there is no equity after the First Mortgage, the Second Mortgage due to Bank of America in the amount of $50,637.00 will be stripped off and avoided.

On September 21, 2001, the National Bankruptcy Noticing Center ("NBNC") sent the Notice of Commencement of the Chapter 13 case, Proof of Claim Form and Debtors' Chapter 13 Plan by regular United States mail to "Bank of America" at three different addresses, POB 30770, Tampa, FL 33630, POB 31176, Tampa, FL 33631 and Specialty Finance, POB 31681, Tampa, FL 33631 (according to the Certificate of Service filed in this case under Docket No. 6).

By certificate dated September 24, 2001, the NBNC sent Debtors' Chapter 13 Plan by regular United States mail to "Bank of America" at the same three addresses listed above according to the Certificate of Service of Plan filed in the case (Docket Entry 7).

## THE MOTION TO QUASH SERVICE

Bank of America was not duly served with a copy of the Notice of Commencement of the Chapter 13 case and a copy of the Plan incorporating the Motion to Value Security of Bank of America pursuant to 11 U.S.C. § 506(a) and Federal Rule of Bankruptcy Procedure 3012 as incorporated into Federal Rules of Bankruptcy Procedure 9013, 9014, 7004(b)(3) and 7004(h) and Chapter 48, Florida Statutes, to satisfy the threshold requirements of notice and due process of law. In further violation of Bankruptcy Rule 7004(h), the Notice of Commencement of Bankruptcy and Chapter 13 Plan were not served to the attention of and upon an officer or any other general or managing agent of Bank of America as authorized by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Administrative Order 99–2 and Chapter 48, Florida Statutes, nor were they sent by certified mail pursuant to Bankruptcy Rule 7004(h).

Bank of America has a meritorious defense to Debtors' Motion to Value Security stripping off its second mortgage lien as incorporated into its confirmed Plan. There is sufficient equity in the Property to secure Bank of America's perfected consensual junior mortgage lien and mandates that its secured claim on Debtors' principal residence must be either cured, reinstated or satisfied in full during the term of Debtors' Plan or the security surrendered to Bank of America. 11 U.S.C. §§ 1322, 1325. The actual value of the Property may be in excess of $300,000, and the first mortgage is approximately $200,000. Thus, were this Court to rule otherwise, Bank of America would have its collateral interest in Debtors' Property forfeited without due process of law and sufficient notice to be afforded an opportunity to be heard to defend its interests.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Administrative Order 99–2 fundamentally changed the procedures for obtaining confirmation of Chapter 13 plans, incorporating within it a valuation of a creditor's security. Accordingly, a new Chapter 13 Planform, LF–31, was created incorporating valuation of security by providing for the valuation of collateral in a matrix-box format and the Clerk of Court commenced issuing a new Notice of Commencement of Chapter 13 Case with deadline directives warning that:

> UNCONTESTED CONFIRMATION OF A PLAN: Pursuant to Administrative Order 99–2, if no objection to confirmation (or valuation) is timely raised at or before the meeting of creditors, the plan may be confirmed as unopposed and no formal confirmation hearing will be held …
>
> Deadline to Object to Debtor's Valuation of Secured claims: The debtor may establish value of collateral securing certain claims in the original plan as filed. The plan will be deemed a "Motion to Value Collateral Under 11 U.S.C.

§ 506(a)" and will establish the extent of the secured claim unless an objection is filed and served upon the debtor, debtor's attorney and the trustee at or before the meeting of creditors. Timely raised objections not resolved at the meeting of creditors will be heard at the time, date, and location indicated above in the section entitled "Confirmation Hearing on Contested Plan" See Administrative Order 99–2.

Federal Rule of Bankruptcy Procedure 7004 is titled Process; Service of Summons, Complaint, and provides in relevant part that:

> (b) Service by First Class Mail. Except as provided in subdivision (h), in addition to the methods of service authorized by rule 4(e)—(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows... (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, *by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.* (emphasis added)
>
> (h) Service of Process on an Insured Depository Institution. Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution...

The Code and Rules provide for a different scheme for the service of a Notice of Commencement of a case and Proof of Claim form by the Clerk of Court, that of service of a Chapter 13 Plan, and that of service of a contested matter, such as a motion to value security under Fed. R.Bankr.P. 3012. In accordance with Fed. R.Bankr.P. 2002 and 3015(d), and Loc. R.Bankr.P. 2002–1(C)(1)(e), service requirements for a Notice of Commencement of Case and Proof of Claim form are markedly different from the service and notice procedures for contested matters such as a motion to value security as outlined above by the interplay of § 506(a) and Fed. R.Bankr.P. 3012, 9013, 9014 and 7004.

The Court further notes that Fed. R.Bankr.P. 9036 provides for electronic transmission of court information by agreement and provides in relevant part that:

> Notice by electronic transmission is complete, and the sender shall have fully complied with the requirement to send notice, when the sender obtains electronic confirmation that the transmission has been received.

The record before the Court does not indicate that a copy of Debtors' Chapter 13 Plan was sent under its Electronic Transmission Agreement in accordance with Fed.R.Bankr.P. 9036.

■ Finally, this Court has been mindful of the necessity of proper service by debtors of motions to avoid judgment liens under § 522(f). This Court requires strict compliance with service requirements under Fed.R.Bankr.P. 7004 with regards to these motions in that real property interests are implicated and may be impaired. The Debtors must be held to the same service of process strictures when avoiding a consensual lien impairing a secured's claim in a Chapter 13 bankruptcy case.

### CONCLUSION

■ 1. The enactment of this Court's Administrative Orders and the revised Chapter 13 Plan Form LF–31 in April

1999 did not alter the service and notice requirements for valuing a creditor's security to the extent that Fed.R.Bankr.P. 7004 was rendered without efficacy. The Debtors' argument that the NBNC sending its Notice of Commencement, Proof of Claim Form and Chapter 13 Plan under the different scheme of notice requirements in Fed.R.Bankr.P. 2002 could meet minimum requirements of due process as mandated in Fed.R.Bankr.P. 7004 is incorrect.

■ 2. The NBNC failed to effect service of the Motion to Value Security as incorporated into the Chapter 13 Plan under 11 U.S.C. § 506(a) and Fed.R.Bankr.P. 3012 as incorporated into Fed.R.Bankr.P. 9013, 9014 and 7004(b)(3) upon an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process on behalf of Bank of America as required under the Bankruptcy Rules and Florida law.

3. In this case, the NBNC mailed a copy of the Notice of Commencement of Chapter 13 Case, Proof of Claim Form and a copy of the Chapter 13 Plan pursuant to Fed.R.Bankr.P. 2002 and 3015(d), and Loc. R.Bankr.P. 2002–1(C)(1)(e), to Bank of America at post office box addresses for loan payments where they were doubtlessly subsequently opened by a mail clerk who was neither an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Bank of America.

4. Though Bank of America has an electronic Transmission Agreement with the NBNC pursuant to Fed.R.Bankr.P. 9036, no copy of the Debtors' Chapter 13 Plan was ever served upon Bank of America electronically.

5. Therefore, Bank of America was not served electronically if in fact such service of a Motion to Value Security under Fed. R.Bankr.P. 7004(b)(3) is deemed proper.

6. Bank of America has not been given notice as required under Bankruptcy Rules to provide full and fair notice of the complete abrogation of its secured rights, though it is an over secured creditor. For this Court to allow a one-hundred percent lien strip based upon a bulk mailing to a payment lock box would not afford Bank of America due process under the law and ultimately would result in an the unjust enrichment in favor of the Debtors. The Debtors were fully aware of the actual value of the Property in August of 1999, when the Mortgage in favor of Bank of America was executed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. Bank of America's Motion to Quash Service of Debtor's Chapter 13 Plan and Motion to Value Collateral incorporated therein is hereby GRANTED.

2. It is further ordered that the Objection to Confirmation filed by Bank of America is SUSTAINED based upon the stipulated facts and the "lien strip" of Bank of America's mortgage lien is DENIED.

3. The Debtors are granted leave to amend their Chapter 13 Plan to provide for cure and payment of the Bank of America mortgage.

4. Such period of cure is not to exceed sixty (60) months from the date of filing, or August, 2006.