In re Dennis F. **HILL**, Barbara Jean Hill, Debtors.

No. 02–17129.

United States Bankruptcy Court, S.D. Ohio, Western Division.

Oct. 3, 2003.

David A Kruer, Dearfield, Kruer & Warren, LLC, Michael W Warren, Cincinnati, OH, for Debtors.

## MEMORANDUM OF DECISION ON MOTION TO VALUATE AND VOID LIEN OF BANK ONE

JEFFERY P. HOPKINS, Bankruptcy Judge.

Before the Court is a Motion to Valuate and Void Lien of Bank One ("Motion") (Doc. 22) filed by the Debtors. By their motion, the Debtors seek an order avoiding a second mortgage held by Bank One, N.A. ("Bank One"). The issue presented is whether a Chapter 13 debtor can avoid a mortgage, on the sole basis that the mortgage is alleged to be wholly unsecured, without initiating an adversary proceeding or objecting to a proof of claim timely filed by the mortgagee. For the reasons stated below, the Court answers this question in the affirmative.

*FACTS*

On September 23, 2002, the Debtors filed a Chapter 13 plan containing the following provision:

> Second mortgage claim of Bank One to be bifurcated and paid same dividend as general unsecured claims in accordance with plan provision IX, as same does not attach to equity. Same to release its lien upon discharge.

Two days later, the Chapter 13 Trustee ("Trustee") mailed a copy of the plan to all creditors, including Bank One. On October 18, 2002, Bank One filed a timely proof of claim in the amount of $38,290.05. The proof of claim reflects that the claim is secured by the Debtors' principal resi-

dence.[1] On October 31, 2002, the Debtors filed an amended plan that included the exact same language regarding the claim of Bank One. The Debtors served the amended plan on all creditors, including Bank One. The amended plan was confirmed on January 3, 2003, without objection. One month later, the Debtors filed the instant Motion, seeking to avoid Bank One's lien pursuant to 11 U.S.C. § 506(d). To date, neither the Debtors nor any other party in interest has objected to Bank One's proof of claim. Although Bank One did not object to confirmation, it objected to the Motion.

### OVERVIEW

■ Preliminarily, it is important to note that the Sixth Circuit has held that a Chapter 13 debtor may modify the rights of a wholly unsecured mortgagee under the authority of 11 U.S.C. § 1322(b)(2). *See In re Lane*, 280 F.3d 663 (6th Cir. 2002). Therefore, Bank One does not contest the Debtors' substantive right to avoid its lien-assuming Bank One is wholly unsecured.[2] Importantly also, Bank One does not take issue with the notice it received. Nor has it argued that the language of the plan was ambiguous as to the treatment of its lien. Indeed, Bank One has not raised any of the Due Process concerns that some commentators have identified. *See e.g.*, Eric S. Richards, *Due Process Limitations on the Modification of Liens Through Bankruptcy Reorganization*, 71 Am. Bankr.L.J. 43 (1997) (discussing notice requirements of Due Process within the context of lien avoidance in reorganization cases). Accordingly, those issues are not before the Court.

Instead Bank One asserts, on very narrow procedural grounds, that: (1) its lien cannot be avoided apart from the protections afforded by an adversary proceeding; or in the alternative (2) its lien cannot be avoided when no one has objected to its timely filed proof of claim that asserts a security interest in the Debtors' principal residence. These arguments will be addressed in order.

### ADVERSARY PROCEEDING

■ Fed. R. Bankr.P. 7001(2) identifies "a proceeding to determine the validity, priority, or extent of a lien" as an adversary proceeding. Accordingly, Bank One argues that its lien cannot be avoided by motion or plan confirmation process. The Debtors, on the other hand, cite *In re King*, 290 B.R. 641 (Bankr.C.D.Ill.2003) for the proposition that the avoidance of a wholly unsecured mortgage by a Chapter 13 debtor is really a valuation issue that does not turn on the validity, priority or extent of the lien. The Court need not weigh in on the *King* analysis because 11 U.S.C. § 1327(c) is dispositive of this issue. Of all the statutory provisions at the disposal of a Chapter 13 debtor, § 1327(c) is the only provision that serves to avoid a lien on the sole basis of being wholly unsecured. Because § 1327(c) is effectuated only upon plan confirmation, this Court concludes that a Chapter 13 debtor can avoid a wholly unsecured mortgage through the plan confirmation process without the need of an adversary proceeding.[3]

1. The proof of claim filed by Bank One contains a line item for "Value of Collateral." Bank One left this item blank.

2. As part of its objection to the Motion, Bank One contends that its claim is not wholly unsecured. The parties have agreed to hold the issue of valuation in abeyance pending resolution of the potentially dispositive legal issues before the Court.

3. The *Lane* decision was decided within the context of an objection to confirmation. Thus, the Sixth Circuit permitted the lien modification apart from the confines of an adversary proceeding. Bank One argues that

## A. Section 506(d)

█ Contrary to the premise of the Debtors' Motion, § 506(d)[4] cannot be used to avoid a lien on the sole basis that the creditor does not possess a secured claim under 11 U.S.C. § 506(a). *See Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In *Dewsnup*, a Chapter 7 debtor tried to use § 506(d) in the same way. The Supreme Court concluded that § 506(d) does not permit a Chapter 7 debtor to avoid a lien to the extent that the lienholder does not possess a secured claim under § 506(a). Instead, the § 506(d) phrase "allowed secured claim" is to be construed term by term such that the statute voids only liens that secure claims that have not been allowed under 11 U.S.C. § 502. Although *Dewsnup* was a Chapter 7 case, "there is no principled way to conclude that, although section 506(d) does not authorize lien stripping in chapter 7 cases, it has a different meaning in chapter 11, 12 and 13 matters." 4 Collier on Bankr.¶ 506.06[1][c] (15th ed. rev.2003) (citing 11 U.S.C. § 103(a)[5]); *accord Harmon v. United States*, 101 F.3d 574, 581 (8th Cir.1996). Instead, debtors must look to other provisions of the Code to avoid liens to the extent that the creditor does not possess a secured claim under § 506(a). *See id.*

## B. Section 1327(c)

The only other statutory provisions available to a Chapter 13 debtor to accomplish this task are 11 U.S.C. §§ 1322(b)(2),[6] 1325(a)(5)[7] and 1327(c).[8] However, upon closer examination, only § 1327(c) serves to avoid the lien. Sections 1322(b)(2) and 1325(a)(5) simply define the permissible scope of a debtor's right to avoid pursuant to § 1327(c).

---

*Lane* is not controlling in this regard because the procedural issue was not presented to the court for decision. It is unnecessary to decide whether *Lane* is dispositive of the issue given that this Court reaches the same result without considering *Lane*.

**4.** Section 506(d) provides:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

**5.** Section 103(a) provides:

Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title.

**6.** Section 1322(b)(2) provides, in material part:

[T]he plan may—
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence[.]

**7.** Section 1325(a)(5) provides, in material part:

[T]he court shall confirm a plan if-
. . .
(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder[.]

**8.** Section 1327(c) provides:

Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

Section 1327(c) is the linchpin of the management of secured claims through a Chapter 13 plan. It is the section that implements at confirmation the powers exercised by the debtor to deal with lienholders. Modification of secured claims under § 1322(b)(2) and cramdown of secured claims under § 1325(a)(5) define the rights of lienholders after confirmation because of the free and clear effect in § 1327(c).

3 Keith M. Lundin, Chapter 13 Bankruptcy § 231.1 (3ʳᵈ ed.2002) (emphasis added). Because § 1327(c), effective only upon confirmation, is the sole statutory provision by which a Chapter 13 debtor can avoid a lien to the extent that the lienholder does not possess a secured claim under § 506(a), this Court concludes that an adversary proceeding is not required to avoid a wholly unsecured mortgage.

### CLAIMS PROCESS

▮▮▮ Fed. R. Bankr.P. 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Because it filed a timely proof of claim asserting a security interest in the Debtors' principal residence, Bank One contends that its lien cannot be avoided absent an objection to its claim. The Court disagrees. The claims resolution process concerns only the extent of the allowed claim under § 502. It does not define the extent to which any allowed § 502 claim is deemed an allowed secured claim under § 506(a).

Where in the Bankruptcy Code or Rules is there a provision which attributes prima facie evidentiary effect to a listed value or an asserted interest rate on a proof of claim form? There is none. Cases that state the claims allowance process mandates the amount of the secured claim under § 506, or give any credence to a creditor's claimed interest rate, are wrongly decided. The claims allowance process gives prima facie proof only to the amount of the entire claim, which may be fully secured, undersecured, or entirely unsecured. The claims allowance process also mandates that the entire claim is valid and that any security interest is valid. However, the claims allowance process does not determine the amount of the secured portion of a claim under § 506(a).

*In re Hudson,* 260 B.R. 421, 436 (Bankr. W.D.Mich.2001) (footnote omitted); *accord In re Duggins,* 263 B.R. 233, 238 (Bankr. C.D.Ill.2001) ("The bifurcation or valuation process contemplated by 11 U.S.C. § 506(a) is not properly part of the claims allowance process."). Accordingly, the mere fact that no one has objected to Bank One's $38,290.05 claim simply means that the claim is allowed under § 502 to the extent of $38,290.05. It also means that Bank One is presumed to have a valid security interest, under applicable state law, in the Debtors' principal residence. It does not, however, establish the extent to which the allowed § 502 claim is deemed to be an allowed secured claim under § 506(a). To accomplish the latter objective, a valuation of the property is necessary. Such a valuation is not part of the claims resolution process.⁹ *See id.*

### SUMMATION OF PROCEDURAL ANALYSIS

For the foregoing reasons, the Court holds that a Chapter 13 debtor can avoid a mortgage, on the sole basis that the mortgage is alleged to be wholly unsecured, without initiating an adversary proceeding

---

9. In this case, in particular, it would be impossible for the claims resolution process to value the Debtors' residence for § 506(a) purposes. Bank One's proof of claim does not include an assertion as to the value of the property. *See supra* note 1.

or objecting to a proof of claim timely filed by the mortgagee. The debtor can accomplish this objective through the plan confirmation process pursuant to § 1327(c). We express no opinion regarding Due Process considerations since none of those issues were ever raised by the parties.

*PRECLUSIVE EFFECT OF CONFIRMED PLAN & CONCLUSION*

Because the confirmed plan permissibly provided that the lien of Bank One would be avoided as a wholly unsecured mortgage, the Debtors argue that Bank One is precluded from relitigating the substantive merits of the Motion in this contested matter. The Court agrees. Bank One is bound by the terms of the confirmed plan. *See* 11 U.S.C. § 1327(a).[10] Accordingly, the Motion will be GRANTED. An order to this effect will be entered.

**10.** Section 1327(a) provides:
The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.